UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMAINE BROWN,

        Plaintiff,

       v.                                  Case No. 23-cv-1132-bhl

J. WELLS,
V. CAIRA,
J. MCLAUGHLIN,
LEBEAU, and
KESKE,

        Defendants.

## SCREENING ORDER

Plaintiff Jamaine Brown, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Brown's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Brown has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Brown has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $6.71. Brown's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Brown explains that on March 24, 2022, while incarcerated at Racine Correctional Institution, health services manager Vasquez[1] gave him a lower tier restriction because of a leg condition that made it difficult for him to stand and walk without support. Brown asserts that the restriction was not immediately implemented, so he continued to be housed on the second floor. Brown states that V. Caira was the unit captain in charge of cell assignments and "did or should have . . . been aware that Brown had a lower tier restriction." Brown further explains that Vasquez did not give him a shower restriction along with his lower tier restriction. Although he was allowed to use the showers on the second floor so he would not have to navigate the stairs, there was no order that he be permitted to use the handicap shower stall. According to Brown, the only handicap shower stall was on the first floor. Brown explains that the regular shower stalls have a "lip" that one must step over to enter the shower while the handicap shower stall does not have such a lip. Dkt. No. 1 at 2-8.

According to Brown, Officer Keske arrived at his cell to escort him to the showers on the upper tier. Brown asserts that he told Keske that he had a lower tier restriction and needed help walking. Keske allegedly ignored Brown and "started walking him to the upper non-handicap showers." Brown explains that while entering the shower, his foot caught on the lip of the shower, and he fell. Brown was handcuffed and fully restrained, so he was unable to stop his fall. Brown

---

[1] Brown did not include Vasquez in the caption of his complaint, but in the body of his complaint he states, "Vasquez is a defendant in this action," Dkt. No. 1 at 6, so the Court will add Vasquez as a Defendant.

3

asserts that, after he fell, Keske radioed for someone to call 911, and Brown was transported to the emergency room. Dkt. No. 1 at 7-8.

## THE COURT'S ANALYSIS

Brown seeks to bring Eighth Amendment claims against Defendants based on their alleged deliberate indifference to the serious risk of falling that he faced because of his leg condition. To state such a claim, Brown must allege 1) that he suffered from an objectively serious medical condition and 2) that Defendants were deliberately indifferent to that condition. *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citing *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). With that standard in mind, the Court will allow Brown to proceed on a deliberate indifference claim against Vasquez based on allegations that, although she entered a lower tier restriction, she did not also enter a handicap shower restriction. It is not clear from Brown's allegations how serious his leg condition is, but, drawing all reasonable inferences in Brown's favor, the Court concludes that he has sufficiently alleged that Vasquez was deliberately indifferent to the risk of falling he faced by having to use the regular shower stalls. Brown also states a deliberate indifference claim against Keske, who allegedly ignored Brown's statements that he had a lower tier restriction due to a leg condition and needed assistance walking. Keske allegedly made Brown enter the shower unassisted even though he was handcuffed and fully restrained, which is sufficient for the Court to infer that he was deliberately indifferent to the risk of falling that Brown faced.

Brown does not, however, state a claim against LeBeau, who allegedly opened Brown's cell door at Keske's request. The mere act of opening the door so Keske could escort Brown to the showers does not demonstrate deliberate indifference to Brown's condition, and LeBeau cannot be liable for the alleged misdeeds of his coworkers. *See Vance v. Peters*, 97 F.3d 987, 991 (7th

4

Cir. 1996) (holding that §1983 requires that a defendant be personally involved in an alleged deprivation to be liable). Nor does Brown state a claim against Warden Wells or Security Director McLaughlin based on his theory that they should have instituted a policy requiring that every lower tier restriction be accompanied by a handicap shower restriction. A lower tier restriction is entered so that an inmate does not have to navigate stairs, but not every inmate who is unable to navigate stairs will have difficulty stepping over the lip of the shower. Whether an inmate needs such additional accommodation must be determined on a case-by-case basis. Brown does not allege that he informed Wells or McLaughlin that he was unable to safely enter the shower, so they cannot have been deliberately indifferent to a risk they did not know about. *See Duane v. Lane*, 959 F.2d 673, 676 (7th Cir. 1992) (holding that a prisoner who merely establishes negligence but does not show actual knowledge of the danger cannot prevail).

Finally, Brown does not state a claim against Caira, the captain who Brown asserts was in charge of cell assignments. Although Brown was not immediately reassigned to a lower tier after the restriction was entered, Brown was not harmed by the delay. As Brown explains, the lower tier restriction was entered so that he would not have to navigate stairs. Brown's injury resulted because he tripped while entering the non-handicap shower, which could have happened even if Brown had been transferred to the first floor. Accordingly, Caira's alleged failure to immediately transfer Brown to a first-floor cell did not injure or harm Brown. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011) ("In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.").

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that J. Wells, V. Caira, J. McLaughlin, and LeBeau are **DISMISSED** from this action because Brown fails to state a claim against them. The Clerk's Office is directed to add Health Services Manager Vasquez as a Defendant in this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Brown's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Vasquez and Keske.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Vasquez and Keske shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $343.29 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

6

Case 2:23-cv-01132-BHL   Filed 10/23/23   Page 6 of 7   Document 7

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>	Office of the Clerk
>	United States District Court
>	Eastern District of Wisconsin
>	362 United States Courthouse
>	517 E. Wisconsin Avenue
>	Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on October 23, 2023.

>	s/ *Brett H. Ludwig*
>	BRETT H. LUDWIG
>	United States District Judge