UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMAINE BROWN,

        Plaintiff,

v.                     Case No. 23-cv-1132-bhl

CORY KESKE, et al.,

        Defendants.

## DECISION AND ORDER

  Plaintiff Jamaine Brown, who is a prisoner at Waupun Correctional Institution, is representing himself in this §1983 action. Discovery closes on May 20, 2024. On April 29, 2024, Brown filed a motion to compel. He states that Defendants failed to respond to the discovery requests that he submitted "on March 12, 2024 to the defendants as well as to the courts, see Document Number 14 (Dkt – 14)." Dkt. No. 18. Defendants responded to the motion the next day, explaining that, despite the Court repeatedly informing Brown of the requirements for serving discovery requests, Brown has technically never served his discovery requests on them. He has only filed them with the Court, and this is not the same as service. Seizing upon this procedural failure, Defendants argue that the deadline for serving discovery requests has passed, and any requests served now or in the future would be untimely. Dkt. No. 19.

  The Court will deny Brown's motion to compel, but order Defendants to respond to his requests within 30 days of the date of this order. As an initial matter, Brown did not properly serve his discovery requests on Defendants. As the Court repeatedly informed him, Brown was required to serve any discovery requests on Defendants – not file them with the Court. The Court provided

Brown with a guide entitled "Answers to Prisoner Litigants' Common Questions," which explained that discovery requests and responses must be *mailed* to defense counsel. The guide specifically noted that a party "should not send [his] discovery requests or responses to the court." Then, in the scheduling order, the Court again reminded Brown, "Parties should serve discovery requests on the opposing parties, and must not file them with the Court." Dkt. No. 11. And finally, after Brown filed his discovery requests, the Clerk's office sent Brown a notice regarding discovery in which it reminded him not to file his discovery requests and instructed him to "serve discovery requests on counsel for the defendants by mail or other means of delivery." Dkt. No. 15. Brown acknowledges (and Defendants confirm) that he only filed his requests with the Court; he did not serve them on Defendants.

Moreover, even if Brown had properly served his requests by filing them (which he did not), Defendants' responses would not yet be due. As noted in the scheduling order, the Court extended the parties' time to respond to discovery requests from thirty days to sixty days. *See* Dkt. No. 11 at 1, n. 1. Accordingly, responses to requests that had been properly served on March 12, 2024 (and, again, Brown's requests were not properly served) would not be due until May 11, 2024.

Finally, Brown failed to comply with Civil L. R. 37, which requires a party to first discuss discovery disputes with the opposing party's lawyer before filing a motion to compel. Had Brown complied with this rule, he would have been informed (again) that he had not properly served his discovery requests and, even if he had, the responses were not untimely. Compliance with this rule would have saved Brown, Defendants, and the Court time and resources by avoiding unnecessary motion practice.

Defendants correctly point out that, with a discovery deadline of May 20, 2024, it is now too late for Brown to timely serve Defendants with his discovery requests. *See* Dkt. No. 11 at 1 (explaining that "parties must serve their requests at least sixty days *before* the deadline to allow the opposing party sufficient time under the rules to respond by the deadline"). As noted, Brown has no excuse for failing to properly serve his requests. Nevertheless, to avoid further delay, the Court will require Defendants to respond to Brown's discovery requests (Dkt. No. 14) within thirty days of this order.

**IT IS THEREFORE ORDERED** that Brown's motion to compel (Dkt. No. 18) is **DENIED**. Nevertheless, the Court **ORDERS** Defendants to respond to Brown's discovery requests (Dkt. No. 14) within thirty days of this decision. The dispositive motion deadline remains **June 20, 2024**.

Dated at Milwaukee, Wisconsin on May 3, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge