UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMAINE BROWN,

                  Plaintiff,

v.                                                                                  Case No. 23-cv-1132-bhl

CORY KESKE, et al.,

                  Defendants.

---

## DECISION AND ORDER

---

Plaintiff Jamaine Brown, who is incarcerated at Waupun Correctional Institution and representing himself, is proceeding on two deliberate indifference claims. The first is against Defendant Officer Cory Keske for allegedly ignoring Brown's statements about needing assistance while walking due to a serious leg condition, and the second is against Defendant Nurse Manager Kristin Vasquez for allegedly failing to provide Brown with a handicap shower restriction. *See* Dkt. No. 7. Defendants filed a motion for summary judgment on June 20, 2024. Dkt. No. 25. In a notice and order, the Court reminded Brown that under Civil L. R. 56(b)(2) his response materials were due July 22, 2024. Dkt. No. 33. The Court warned Brown that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in Defendants' favor and the case being dismissed. At Brown's request, the Court twice extended his deadline to respond. Dkt. Nos. 36, 38. The extended deadline of September 30, 2024 has passed, and Brown did not respond to Defendants' motion.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Brown's failure to respond, the Court finds that Brown's lower back pain did not qualify him for a handicap shower restriction. The Court also finds that Brown never requested a handicap shower restriction, and no such restriction was entered or posted on his cell door. Finally, the Court finds that Officer Keske escorted Brown to the general use shower adjacent to Brown's cell by holding on to Brown's left arm and that when Keske let go of Brown's arm to close the shower door, Brown slipped while entering the shower, after which Keske immediately radioed for help. Dkt. No. 27. Based on these facts, no jury could reasonably conclude that Keske was deliberately indifferent to Brown's risk of falling because Keske had no knowledge that Brown was unable to safely use the general use shower. *See Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (explaining that to demonstrate deliberate indifference a plaintiff must show actual knowledge by the defendant that the plaintiff faced serous harm from a substantial risk). While Brown's accident was unfortunate, "[a]n accident, although it may produce added anguish, is not on that basis to be characterized as wanton infliction of unnecessary pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Keske is therefore entitled to summary judgment.

The Court also finds that Vasquez is entitled to summary judgment. Per the undisputed facts, Vasquez did not become aware of Brown's medical situation regarding his lower back pain until after he filed an inmate complaint about falling in the shower. Vasquez's involvement was limited to advising the institution complaint examiner that Brown's shower accident had nothing to do with his lower tier restriction because Brown used the shower adjacent to his cell and

therefore did not have to use stairs to get from his cell to the shower. Because Vasquez was not personally involved in the treatment of Brown's lower back pain or in escorting Brown from his cell to the shower, she cannot be liable for damages under §1983. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (holding that a defendant is liable for damages under §1983 only if she was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with her knowledge and consent).

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 25) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 17, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.